Green, J.
delivered the opinion of the court.
This suit Was commenced by warrant before a Justice of the Peace. In the warrant, Hancock is summoned to answer Wood, assignee of Hiram Boren, who was assignee of C. S¿ Brodie, former guardian of G. H. Howard. Judgment was given for the plaintiff by the Justice, and the defendant appealed to the Circuit Court. When the cause came on to be tried in the Circuit Court, the plaintiff produced the following note:
“On or before the 1st day of January, 1840, I promise to pay Charles Brodie, guardian of Cornelius Howard 1130, for value received. Witness my hand and seal, this 2d January, 1839;
Joel C. Hancock, [Seal.]
This note was assigned by C. S. Brodie to Hiram Boren, and by Boren to the plaintiff, Wood. The plaintiff proved the several endorsements on the note, and offered to read it as evidence to the jury. To which the defendant objected, on the ground of a variance between the note offered and the warrant, in this; the warrant states, that the plaintiff is assignee of Boren, who was assignee of C. S. Brodie, former guardian of C. H. Howard; and the note is payable to Charles Brodie, guardian of Cornelius Howard. The court sustained the objection, and refused to permit the note to be read, and a verdict and judgment were rendered for the defendant.
The question now is, whether the variance is such as to have made it proper for the court to have refused to permit the note to be read as evidence.
In proceedings before Justices of the Peace, the strictness in pleading, which is required in courts of record, has never been *467 enforced. All that we can expect, or demand from these domestic tribunals, is, such reasonable precision and certainty in their proceedings, as may be necessary for the attainment of justice.
It has often been held by this court, that it is not necessary that the warrant should set out the cause of action with that particularity and precision which are required in a declaration in a court of record. Some general statement indicating the grounds of the action, so that the defendant may not be mislead in preparing his defence, is all that is necessary. The warrant does not stand in lieu of a declaration. It is simply a summons to the defendants, to appear and answer. The pleadings are ore terms. . And that which in a court of record may be done by proper pleading and proof, may as a general rule, be done before a justice of the peace, by the production of the proof alone.
Here, the suit is brought correctly, as the assignee of C. S. Brodie, guardian of C. H. Howard. The note is payable to Charles Brodie, guardian of Cornelius Howard. There would have been no difficulty in maintaining the action in a court of record, upon this note, by proper averments in the declaration. But before a Justice of the Peace there is no declaration.
Shall a party be defeated of his remedy, because he is in a court where he does not plead on paper? Surely this would be to pervert the ends of justice; the attainment of which, is the great end in view. Brodie’s endorsement on the note corresponds with the warrant. His name is there written C. H. Brodie, and his assignment, and that he was the payee of the note were proved. We think the note should have been read as evidence.
Reverse the judgment, and remand the cause.